

FILED

DEC 16 2008

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Norfolk Division

| | |
|---|---|
| CHESTER SZYMECKI, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil No. 2:08cv142 |
| ) | |
| THE CITY OF NORFOLK, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |
| ) | |
| DEBORAH SZYMECKI, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| ASHLEY HOUCK, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## FINAL PRETRIAL ORDER

The parties to this consolidated trial pursuant to Federal Rule of Civil Procedure 16

submit the following in connection with the upcoming trial:

### CITY OF NORFOLK'S PROPOSED STIPULATION

Plaintiffs Chester and Deborah Szymecki attended Harborfest on June 10, 2007, with

their children and some neighborhood children. Chester Szymecki carried a firearm into the

Harborfest festival area. He was questioned by Deputy Houck about the firearm and was

then detained and issued a summons by Norfolk Police officers for the misdemeanor

violation of a provision of the City's Harborfest ordinance that prohibited the carrying of

firearms into the Harborfest festival area. The firearm was taken as evidence.

Later, the misdemeanor charge was dismissed. [1]  Mr. Szymecki was permitted to retrieve his firearm from the Property and Evidence Unit of the Norfolk Police Department. (Chester Szymecki contends this stipulation leaves the jury with the false impression that the charge was tried and decided by the Norfolk General District Court lending greater legitimacy to the bogus charge than the facts allow.)

## CHESTER SZYMECKI'S PROPOSED STIPULATION

When the City of Norfolk's criminal charge against Chester Szymecki came to trial the charge was voluntarily dismissed by the City Attorney's Office of Norfolk.

(City objects to this language on ground that jury should not be told that the case was dismissed, for reasons previously stated; that the proposed language says more than is necessary, and the less said the better; and that in any event it should not refer to the City Attorney, but just to the City of Norfolk.)

## WITNESSES

The plaintiffs expect to call the following witnesses:

1.    Chester Syzmecki

2.    Deborah Szymecki

3.    Kiersten Marie Szymecki, minor 3/13/94,

4.    Katelin Brianne Szymecki, minor 1/22/96

5.    Chester Mark Szymecki, minor III, 11/10/97

6.    Katherine Gott, minor

7.    Destiny Giordano, minor

8.    Officer Gregory Dayton

9.    Police Chief Bruce Marquis

---

[1]   At the final pre-trial conference on December 5, 2008, the City, consistent with its Motion in Limine, objected to the jury being told the charge was dismissed.  The Court overruled the City's objection.  The City enters into this sentence of the stipulation at the direction of the Court, without waiving its objection.

2

10. City Manager Regina Williams (City objects to calling this witness who plaintiff identified to testify about the City's general policies on collection and use of social security numbers as not relevant to plaintiff's claims)

The plaintiffs may call the following witnesses:

11. Deputy Ashley Houck

12. Officer Roderick Costa

13. Rebuttal witnesses.

Defendant City of Norfolk objects to the calling of any witnesses or offering any exhibits by plaintiffs on ground that plaintiffs did not provide their 26(a)(3) disclosure timely.

Defendant City of Norfolk expects to call the following witnesses:

1. Officer Gregory G. Dayton

2. Operations Officer II Fred Little, Jr.

3. Operations Officer II Kamilah Ferrebee-Rowson

4. Captain Wallace Driskell

5. Senior Assistant Chief of Police Sharon Chamberlin

6. Assistant Chief of Police Vernon Simmons

7. Capt. Paul Midgett

8. Capt. Wayne McBride

9. Lt. Harry Twiford

10. Investigator Rodrick A. Cosca

11. Sergeant Wilbur M. Bailey

The City of Norfolk may call the following witnesses:

1. Norfolk Deputy Sheriff Ashley Houck

3

2. Assistant Chief of Police Jayward Hanna

3. Chief of Police Bruce P. Marquis

4. City Manager Regina V.K. Williams

5. Rebuttal witnesses.

Defendant Deputy Angela Houck expects to call the following witnesses:

1.   Ashley Houck

2.   Officer Eric Coleman

3.   Lt. Joe Barron

4.   Investigator Roderick A. Cosca

5.   Sgt. Wilbur M. Bailey

Defendant Deputy Angela Houck may call the following witnesses:

1.   Lt. Harry Twiford

2.   Sheriff Robert J. McCabe

3.   Rebuttal witnesses.

The parties preserve the opportunity to call all of the witnesses designated in this

Order by opposing parties.

## EXHIBITS

The plaintiffs intend to offer the following exhibits into evidence:

1. Summons issued/Nolle Prosse Order. (Norfolk objects to the exhibit to the extent
   it shows a nolle prosse, on the ground of relevance and as stated in its motion in
   limine.)

2. The Norfolk Police Department form for the storage and return of personal
   property provided by Chester Szymecki.

4

3. Text of Virginia Code Section 15.2-915(A). (Norfolk objects on ground of irrelevance and as stated in its motion in limine)

4.  Seven photos of Chester Szymecki's injured wrists. (City objects, no longer relevant in light of ruling on City's Motion for Partial Summary Judgment)

5. Alcohol, Tobacco & Firearms Agency (ATF) Form 4473 (City objects to irrelevance.)

6. Deborah Szymecki's cell-phone.

   Defendant City of Norfolk intends to offer the following exhibits into evidence:

   1. Summons issued to plaintiff June 10, 2007

   2. Blank Virginia Uniform Summons

   3. Norfolk Police Department Property and Evidence Voucher

   4. Photocopy of plaintiff's driver's license with handwritten social security number

   5. Page from Property and Evidence Unit's SOP

   6. Va. Code §§ 19.2-74(C) & 46.2-388(A)

   7. Repealed Va. Code § 19.2-92.1

   8. 1973 Acts of Assembly c. 98

   9. Repealed Va. Code § 46.1-416.1

   10. 1968 Acts of Assembly c. 712.

   11. Va. Code §§ 19.2-387 and notes at end of § 19.2-387 in the Code of Virginia 1950.

   12. Va. Code § 46.1-375 and 1972 Acts of Assembly, c. 538.

   13. Va. Code § 19.2-389.

   14. Virginia Code § 2.2-3706

   Defendant may offer the following exhibits:

15. The Property and Evidence "log"

16. NPD General Order 96-019: Virginia Uniform Summons

17. Plaintiff's Veterans Administration Records furnished by plaintiffs' counsel.

18. Norfolk City Ordinance No. 42,660

Defendant Ashley Houck of Norfolk intends to offer the following exhibits into evidence:

1.  Deborah Szymecki's cell-phone call detail records for June 10, 2007.

2.  Documents evidencing purchase of the Motorola E-815 cell phone alleged to be used on June 10, 2007.

3.  Relevant portions of Deborah Szymecki's Complaint.

4.  Deborah Szymecki's statement to the Norfolk City Council dated August 28, 2008.

5.  Debora Szymecki's Answers to Interrogatories and Request for Production of Documents.

6.  Any relevant photographs saved to the cell phone alleged to have been possessed by the plaintiff.

The parties preserve the opportunity to offer into evidence the exhibits designated in this Order by opposing parties.

## FACTUAL CONTENTIONS

The plaintiffs contend the evidence proves the following facts by a preponderance:

6

1. With the suspect having committed no crime, the Norfolk police used excessive force in handcuffing and pushing Chester Syzmecki across the street and also later when his handcuffs were tightened in the face of pleas the cuffs were too tight to begin with. The civil litigation in the matter is still in its early stages, this suit which is headed for appeal. The companion suit against the four guilty police officers has not yet been filed.

2. Deputy Houck deprived Deborah Szymecki of property that was valuable to her in two important ways. A digital video of her husband's violent seizure by police would have proved to everyone exactly what had happened at an arrest that garnered news coverage of her family in a negative light. Second, such a video would have presumably prevented the Norfolk police officers from falsely testifying that no violence of any form was committed against Mr. Szymecki. The false testimony has placed the integrity of the entire Szymecki family into question to Deborah Szymecki's great distress.

3. Chester Szymecki sustained grave physical and emotional injury due to his wrongful seizure by police. This lends a large value to a video that would plainly prove how Chester was handcuffed and marched away by Norfolk police.

4. Deborah Szymecki was wrongfully stopped by Deputy Houck under threat of arrest from taking a digital video her husband's seizure by Norfolk police precisely to prevent the acquisition by the Szymeckis of undeniable proof of the police misconduct that day. Deborah Szymecki was then punished for her attempt to do so by being banished from Town Point Park.

5. The City of Norfolk had no policy or training in place in June, 2007 to comply with the mandates of the Federal Privacy Act in connection with the collection and safeguarding of social security numbers of citizens and still has not enacted a policy that complies with the Act. This led to violations of the Privacy Act in failing to properly advise Chester Szymecki

whether the requested submissions were voluntary or mandatory and failing to properly state the ways the number would be used by the City and further disseminated to others.

6.    The Virginia uniform police summons is advisory only in its content. Localities used the suggested content at their own risk in connection with compliance with the Federal Privacy Act.

7.    Contrary to the sole explanation given to Chester Szymecki by Norfolk police for taking his SSN a second time, a SSN is not needed in order to make a routine records check in connection with the possession of a pistol.

8.    The City of Norfolk continues to maintain record of Chester Szymecki's SSN contrary to his will and to his distress. The City of Norfolk has never told Mr. Szymecki how his SSN would be disclosed to others or whether it would be safeguarded in any way by the City.

Defendant City of Norfolk contends the evidence proves the following facts by a preponderance:

1. Plaintiff's social security number was required for issuance of the Virginia Uniform Summons, a form prescribed by the Attorney General of Virginia.

2. Social security numbers have been required on summonses since before 1975.

3. Plaintiff did not refuse to give his social security number and was denied no right or privilege based on a failure to provide his social security number.

4. Plaintiff's social security number was used by the personnel in Property and Evidence to do a criminal record check to be sure that he was not a person prohibited from possessing a firearm.

5. Plaintiff did not refuse to give his social security number and was denied no right or privilege based on a failure to provide his social security number.

8

Defendant Ashley Houck contends the evidence proves the following facts by a preponderance:

1. Houck was a sworn Norfolk Sheriff's deputy on the date in question.

2. Houck was working security for Fest Events.

3. Houck approached Chester Symecki to inquire about the firearm he possessed.

4. Houck radioed her supervisor for instruction.

5. Houck was not involved in the arrest of Chester Szymecki.

6. Houck and another Norfolk City Police officer escorted Debora Symecki from Harborfest.

7. Houck did not know the plaintiff wished to take a photograph.

8. Houck did not see the plaintiff with either a camera or a cell phone.

9. Houck did not ask the plaintiff to leave because she wished to take a photograph, rather the plaintiff was requested to leave because she was interfering with the officers' arrest of her husband.

10. Houck does not recall ever placing her hands on the plaintiff.

### TRIABLE ISSUES

The plaintiffs contend the triable issues are:

1.    Whether the City of Norfolk violated the Federal Privacy Act when it demanded Chester Szymecki's social security number without meaningful explanation to place on the summons to Court.

2.    Whether the standard summons offered by the State of Virginia is advisory or mandatory.

3.     Whether the City of Norfolk violated the Federal Privacy Act when it demanded Chester Szymecki's social security number in order to return his property to him following his exoneration of the frivolous brought by the City of Norfolk.

4.     Whether the invalid explanation given to Chester Szymecki by Norfolk Police that his social security was required to do a routine records check was sufficient to comply with the Federal Privacy Act.

5.     What are Chester Szymecki's damages arising from violations of the Federal Privacy Act by the City of Norfolk?

6.     What, if any, injunctive relief should be imposed on the City of Norfolk for its continuing failure to have a policy that meets the requirements of the Federal Privacy Act?

7.     Whether Deputy Houck ordered Deborah Szymecki under pain of arrest to desist from taking a videotape of her husband's seizure by Norfolk police.

8.     Whether Deputy Houck ordered Deborah Szymecki under pain of arrest to leave Town Point Park as punishment for the effort to video Chester Szymecki's seizure by Norfolk police.

9.     What are Deborah Szymecki's damages for the violation of her First Amendment freedom to video events at a public festival and for her banishment from Town Point Park.

        The City of Norfolk contends the triable issues are:

1. Whether the officer who requested Mr. Szymecki's social security number when he was issued a summons for carrying a firearm into Harborfest violated his rights under Section 7 of the Federal Privacy Act of 1974?

2. Whether the practice of requiring social security numbers on summonses for identification purposes predates 1975?

10

3. Whether the officers who requested Mr. Szymecki's social security number when he retrieved his firearm from the Property and Evidence Unit violated his rights under Section 7 of the Federal Privacy Act of 1974?

Defendant Ashley Houck contends the triable issues are:

1. Was Deborah Szymecki engaged in an activity protected by the 1st Amendment?

2. Did defendant Houck take an adverse action against Deborah Szymecki's protected 1st Amendment right?

3. Was Deborah Szymecki's attempt to photograph her husband's arrest a motivating factor in Houck's decision to take adverse action against the plaintiff and was it a substantial or important part of her decision?

4. Has defendant Houck proven by a preponderance of the evidence that she would have taken the same action even if the plaintiff never intended to take a photograph?

Is defendant Houck entitled to qualified immunity?

/s/
Henry Coke Morgan, Jr.
Senior United States District Judge
UNITED STATES DISTRICT COURT

DATED: 12/16/08

Stephen Merrill, Attorney
Counsel for Chester and Deborah Szymecki

11

Wayne Ringer, Deputy City Attorney
Counsel for the City of Norfolk

Edward A. Fiorella, Jr., Attorney
Counsel for Sheriff's Deputy Ashley Houck

12